1  Cathy L. Arias, State Bar No. 141989
   Michelle D. Jew, State Bar No. 208853
2  Patrick M. Callahan, State Bar No. 219419
   Arthur S. Gaus, State Bar No. 289560
3  Julie Y. Zong, State Bar No. 309804
   BURNHAM BROWN
4  A Professional Law Corporation
   P.O. Box 119
5  Oakland, California 94604-0119
   ---
6  1901 Harrison Street, Suite 1400
   Oakland, California  94612-3523
7  Telephone:     (510) 444-6800
   Facsimile:     (510) 835-6666
8  Email: carias@burnhambrown.com
          mjew@burnhambrown.com
9          pcallahan@burnhambrown.com
          agaus@burnhambrown.com
10         jzong@burnhambrown.com

11 Attorneys for Defendant
   STARBUCKS CORPORATION
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16 SCOTT JOHNSON,                        No. 4:18-cv-05872-DMR

17              Plaintiff,               **DEFENDANT STARBUCKS
                                         CORPORATION'S ADMINISTRATIVE**
18 v.                                    **MOTION TO CONSIDER WHETHER
                                         CASES SHOULD BE RELATED**
19 STARBUCKS CORPORATION, a              **PURSUANT TO CIVIL L.R. 3-12 AND 7-
   Washington Corporation; and DOES 1-10, 11**

20
              Defendants.
21                                       **Complaint Filed:  September 25, 2018**

22
   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**
23
           PLEASE TAKE NOTICE that Defendant Starbucks Corporation ("Starbucks") submits
24
   this Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil Local
25
   Rule 3-12.  Starbucks in the putative related *Goodhue* case, hereby moves the Court to consider
26
   whether the following 22 cases, all filed in the Northern District of California, qualify as related
27
   actions:
28
                                          1

|  | Case No. | Case Name | Date Filed | Judge Assigned |
|---|---|---|---|---|
| 1. | 4:16-cv-00724-DMR | Scott Johnson v. Neil B. Goodhue, et al. | February 12, 2016 | Hon.  Donna M. Ryu |
| 2. | 3:16-cv-03495-SK | Scott Johnson v. Los Gatos Gateway and Starbucks Corporation, et al. | June 21, 2016 | Hon.  Sallie Kim |
| 3. | 3:16-cv-06792-SK | Scott Johnson v. Starbucks Corporation | November 24, 2016 | Hon.  Sallie Kim |
| 4. | 3:17-cv-02454-WHA | Scott Johnson v. Blackhawk Centercal, LLC and Starbucks Corporation | April 19, 2017 | Hon.  William Alsup |
| 5. | 3:17-cv-06836-JSC | Scott Johnson v. Starbucks Corporation | November 29, 2017 | Hon.  Joseph C. Spero |
| 6. | 4:18-cv-00585 DMR | Scott Johnson v. Allan A. Sebanc, Beverly M. Sebanc; Kenneth D. McCloskey; Stacey v. Dobos; 363 Grant Avenue Associates, LLC; and Starbucks Corporation | January 27, 2018 | Hon. Donna M. Ryu |
| 7. | 4:18-cv-00972-YGR | Scott Johnson v. Wells Fargo Bank; Nat'l Ass'n; and Starbucks Corp. | February 15, 2018 | Hon.  Elizabeth D. Laporte |
| 8. | 3:18-cv-01134-MEJ | Scott Johnson v. Starbucks Corporation | February 22, 2018 | Hon.  Maria Elena James |
| 9. | 5:18-cv-01595-SVK | Scott Johnson v. Starbucks Corporation | March 14, 2018 | Hon. Susan van Keulen |
| 10. | 5:18-cv-01985-BLF | Scott Johnson v. Monterey Fish Company, Inc.; Starbucks Corporation | March 31, 2018 | Hon. Hon. Beth L. Freeman |
| 11. | 3:18-cv-02782-CRB | Scott Johnson v. Starbucks Corporation | May 11, 2018 | Hon. Charles R. Breyer |
| 12. | 5:18-cv-03122-BLF | Scott Johnson v. Penco Association; Investment Advisors, LLC; Starbucks Corporation | May 25, 2018 | Hon. Beth L. Freeman |
| 13. | 4:18-cv-03382-HSG | Scott Johnson v. Jding Properties, LLC; Starbucks Corporation | June 8, 2018 | Hon. Haywood S. Gilliam, Jr. |

DEFENDANT STARBUCKS CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11

CASE NO. 4:18-cv-05872-DMR

| | 14. | 5:18-cv-04284-SVK | Scott Johnson v. Anthony Canciamilla; Maria Canciamilla; Starbucks Corporation | July 17, 2018 | Hon. Susan van Keulen |
|---|---|---|---|---|---|
| | 15. | 5:18-cv-04402-SVK | Scott Johnson v. Sun Garden Center 1 and Starbucks Corporation | July 20, 2018 | Hon. Susan van Keulen |
| | 16. | 3:18-cv-04489-RS | Scott Johnson v. VTC Expansion LLC; Starbucks Corporation | July 25, 2018 | Hon. Richard Seeborg |
| | 17. | 5:18-cv-04216-SVK | Scott Johnson v. Cheryl A. Booton; Brian E. Booton; Starbucks Corporation | July 13, 2018 | Hon. Susan van Keulen |
| | 18. | 5:18-cv-04815-BLF | Scott Johnson v. Starbucks Corporation | August 9, 2018 | Hon. Beth Labson Freeman |
| | 19. | 3:18-cv-05170-SK | Scott Johnson v. Starbucks Corporation | August 23, 2018 | Hon. Sallie Kim |
| | 20. | 5:18-cv-0550-SVK | Scott Johnson v. Cintz Commercial Properties, LP; Starbucks Corporation | September 11, 2018 | Hon. Susan van Keulen |
| | 21. | 4:18-cv-05551-KAW | Scott Johnson v. Five Points Center; Starbucks Corporation | September 11, 2018 | Hon. Kandis A. Westmore |
| | 22. | 4:18-cv-05872-DMR | Scott Johnson v. Starbucks Corporation | September 25, 2018 | Hon. Donna M. Ryu |

# I.     LEGAL STANDARD

Local Rule 3-12(a) states that "[A]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." This Motion is filed pursuant to Local Rule 3-12(b) and includes, pursuant to Local Rule 3-12(d), "(1) The title and case number of each apparently related cases; (2) A brief statement of the relationship of the actions according to the criteria set forth in Civil Local Rule 3-12(a)." These criteria are met here.

# II.     RELATIONSHIP OF THE ACTIONS

The *Goodhue* case concerns substantially the same parties, property, transactions, and events as the other 22 cases. The *Goodhue* case is the earliest-filed case within the series of cases

DEFENDANT STARBUCKS CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11

CASE NO. 4:18-cv-05872-DMR

filed by Plaintiff Scott Johnson ("Plaintiff") against Starbucks.  All of the actions, brought on behalf of Plaintiff, name Starbucks, and allege similar claims of transaction counters crowded by merchandise and displays which narrows the usable counter space to less than 36 inches. Plaintiff alleges that he is wheelchair bound. He contends that the transaction counters in all of Defendant's stores are not accessible for his use. Plaintiff asserts the same causes of action for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 - 53. Plaintiff's *Goodhue* Complaint alleges the following about the alleged transaction counter barrier: "Transaction counters are one of the facilities privileges, and advantages offered by Defendants to patrons of Starbucks. However, in March 2015, there was no lowered, 36-inch portion of the cashier counter available at Starbucks for use by wheelchair users. In March 2015, Defendants crowded the cashier counter at Starbucks with merchandise and displays that narrowed the clear width of the counter to less than 36 inches." *See* Complaint, *Scott Johnson v. Neil B. Goodhue, et al.*, Case No. 3:16-cv-00724-DMR, ECF No. 1 (N.D. Cal. February 12, 2016, ¶¶ 69 - 71 (alleging the transaction counter did not have sufficient clear width)).  All of the cases present the same issues: whether Plaintiff has standing, whether Plaintiff encountered the alleged barrier, whether Plaintiff intends to return to the store, and what, if any, injury he suffered during his alleged visits.

Eighteen of the twenty-two cases were filed in the Northern District in 2018. Although a few of the cases also name a landlord defendant, this should not preclude relating the cases as the landlords are alleged to be jointly and severally liable. All of the cases, however, share a common alleged barrier: transaction counters that are crowded by merchandise and displays which narrow the usable counter space. Because this action arises from substantially similar transactions, events, parties, and calls for determination of the same questions of law, it appears likely that there will be an unduly burdensome duplication of labor and expense, and possible conflicting results if the cases are conducted before different judges. Relating the cases will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, counsel, and the judiciary. Accordingly, the Court should relate these actions under Civil Local Rule 3-12.

DEFENDANT STARBUCKS CORPORATION'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11

CASE NO. 4:18-cv-05872-DMR

1    In compliance with Local Rule 7-11, Defendant conferred with Plaintiff's counsel, but

2    Plaintiff's counsel objected to the filing of an Administrative Motion, and to the relation of these

3    actions. Proceeding via a motion, rather than global stipulation is necessary because Plaintiff has

4    thus far refused to stipulate to relating the cases.

5                                      III.    CONCLUSION

6    For the foregoing reasons, Defendant requests that the Court designate all of the above-

7    referenced cases as related in accordance with Civil Local Rule 3-12 and that all cases be

8    assigned to the earliest-filed case, the *Goodhue* matter, under the Honorable Donna M. Ryu.

9

10   DATED:  October 19, 2018                    BURNHAM BROWN

11

12                                               /s/ Julie Y. Zong_____
                                                 CATHY L. ARIAS
13                                               MICHELLE D. JEW
14                                               PATRICK M. CALLAHAN
                                                 ARTHUR S. GAUS
15                                               JULIE Y. ZONG
                                                 Attorneys for Defendant
16                                               STARBUCKS CORPORATION
                                                 4838-2188-5817, v. 1
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT STARBUCKS CORPORATION'S ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO
CIVIL L.R. 3-12 AND 7-11

CASE NO. 4:18-cv-
05872-DMR