UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　Defendant. | Case No. 18-cv-05872-DMR<br><br>**ORDER SUA SPONTE DISMISSING CASE** |

Plaintiff Scott Johnson filed a complaint against Defendant Starbucks Corporation on September 25, 2018, alleging a claim for injunctive relief under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. and a claim for damages under the Unruh Civil Rights Act, California Civil Code section 51. On January 9, 2019, Plaintiff filed a "Notice of Abandonment of Claim" in which he states that he "abandons his first claim for injunctive relief" under the ADA and "will move forward before this Court on his second claim under the Unruh Civil Rights Act only." [Docket No. 21.] The court construes Plaintiff's filing as a request to dismiss his ADA claim and grants the request. Plaintiff's ADA claim is dismissed without prejudice.

The court hereby sua sponte dismisses without prejudice Plaintiff's remaining Unruh Act claim against Defendant. A court "may sua sponte decline to exercise supplemental jurisdiction over remaining state law claims" when a district court has dismissed all claims over which it has original jurisdiction. *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015); *see* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial

economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This case is at an early stage of the proceedings. The court has not devoted significant resources to it, and there is no indication that dismissal would impair Plaintiff's ability to assert his claims in state court. The court therefore exercises its discretion and declines to retain supplemental jurisdiction over Plaintiff's state law claim. This matter is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: February 7, 2019



Donna M. Ryu
United States Magistrate Judge

2